THE STATE OF OHIO, APPELLEE, *v.* FISHER, APPELLANT.

(No. 3471 — Decided September 30, 1985.)

*Dennis Watkins,* prosecuting attorney, and *W. Wyatt McKay,* for appellee.

*Charles A. Ziegler,* for appellant.

DAHLING, P.J. This is an appeal from the Court of Common Pleas of Trumbull County.

The defendant, Charles J. Fisher, was charged with aggravated robbery in violation of R.C. 2911.01. The case was bound over to the Trumbull County Court of Common Pleas on April 18, 1984.

The defendant waived his right to be indicted by the grand jury and entered a plea of guilty by way of information to robbery.

The guilty plea was accepted by the trial court and a pre-sentence investigation was ordered. Defendant was sentenced to the Ohio State Reformatory for the indefinite period of three to fifteen years. The trial court ruled, at the sentencing hearing, that probation of sentence was precluded in the instant case due to the finding in the pre-sentence investigation that a firearm was involved in the incident.

Defendant disputed the fact that he had previously been in jail on a criminal offense, but admitted to having the gun

during the robbery. Judge Nader gave the defendant the opportunity to withdraw his guilty plea. Defendant declined to withdraw his plea and was thus sentenced.

Defendant timely filed his notice of appeal on September 20, 1984.

### Assignment of Error No. I

"I. The trial court erred in ruling appellant was ineligible, as a matter of law, for probation of sentence under Sec. 2947.061 O.R.C., following a plea on information which included no firearm specification."

This assignment of error is without merit.

R.C. 2951.02(F)(3) states:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

In the case at bar, defendant entered a plea of guilty to an information charging one count of robbery in violation of R.C. 2911.02.

A term of actual incarceration was imposed upon the defendant due to the fact that the pre-sentence investigation disclosed that a firearm was involved in the commission of the crime charged. The trial court used this information regarding a firearm to deny the defendant the possibility of probation as a matter of law.

The trial court had no discretion to consider probation because R.C. 2951.02(F)(3) precluded the possibility of probation in the instant case.

### Assignment of Error No. II

"II. Ohio Revised Code Section 2951.02, criteria for and against probation or suspension of sentence, is in conflict with Revised Code Section 2941. 141, causing reversible error in favor of appellant."

This assignment of error is without merit.

R.C. 2941.141 and 2951.02 are not in conflict with each other. R.C. 2941.141 calls for actual incarceration while R.C. 2951.02(F)(3) does not.

R.C. 2929.71 requires a term of actual incarceration if a person is convicted of a crime which has an R.C. 2941.141 firearm specification. That person is ineligible for probation or parole until his term of actual incarceration has expired.

The defendant argues that R.C. 2941.141 supersedes R.C. 2951.02(F)(3). R.C. 2941.141 became effective January 5, 1983 and the legislators were aware of that section when they amended R.C. 2951.02. If the legislators felt there was conflict between R.C. 2941.141 and 2951.02, they could have amended it at that time. *State* v. *Carter* (1983), 3 Ohio St. 3d 15.

Defendant claimed that he was not properly sentenced for a firearm specification.

In *State* v. *Moore* (1985), 16 Ohio St. 3d 30, the Supreme Court stated at 32:

"The parties herein agree that appellant was unarmed throughout the commission of the instant offense. Appellant contends that, as such, he is not subject to enhancement of his sentence pursuant to R.C. 2929.71(B), inasmuch as the state never established that appellant had a firearm on or about his person or under his control during the commission of the offense. The state maintains that, as long as appellant was found guilty of one of the offenses enumerated in R.C. 2929.71(B), enhancement under that same section is proper. We agree with the state's interpretation of R.C. 2929.71(B) as it existed prior to July 1, 1983.

"At that time, R.C. 2929.71(B)

specifically required enhancement of sentences for violations of R.C. 2903.11(A)(2), 2903.12(A)(2), 2911.01 (A)(1), 2911.11(A)(2) and 2917.01(A)(3). Each of the foregoing offenses has an element thereof, generally, the use, possession, or control of a firearm. Nevertheless, there is no requirement that the state establish an additional element of possession or control of a firearm in order to invoke the enhancement provision under former R.C. 2929.71(B). Rather, all that is necessary is that the offender be convicted of or plead guilty to one of the offenses enumerated in R.C. 2929.71(B)."

In the instant case, the defendant pled to a violation of R.C. 2911.02(A) and there was no specification of firearms.

We find, therefore, that defendant was not subject to the enhancement pursuant to R.C. 2929.71(B).

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.