### State v. Forshey
*[Cite as 2 AOA 258]*

*Case No. CA-89-7*
*Morgan County, (5th)*
*Decided March 16, 1990*

*R.C. 2947.06.1*
*R.C. 2951.02*

*For Plaintiff-Appellee: Richard L. Ross, Prosecuting Attorney, P.O. Box 388, 70 West Main Street, McConnelsville, Ohio 43756.*

*For Defendant-Appellant: George J. Consenza, 408 Juliana Street, Park Plaza Bldg. Suite 3*

*P.O. Box 2135, Parkersburg, West Virginia 26102.*

HOFFMAN, P.J.

Defendant-Appellant, Rex Alan Forshey, was indicted by the Morgan County Grand Jury on one count of aggravated burglary with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2911.11; one count of kidnapping with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2905.01; and one count of felonious assault with a firearm specification and a prior aggravated felony conviction, in violation of R.C. 2903.11. Defendant was in the midst of a two county crime spree which included aggravated burglary, in violation of R.C. 2911.11; escape with a specification as to physical harm to the victim, in violation of R.C. 2921.34; and felonious assault, in violation of R.C. 2903.11, in Washington County. As seen by the judgment entry in Washington County attached to the State's memorandum of law in opposition to court's jurisdiction to grant shock probation filed July 26, 1989, defendant's plea was the result of a two county plea arrangement in which Morgan County dismissed the gun and prior offense specifications in return for the defendant's pleading guilty to the charges in Washington County and to the charges in Morgan County.

In Washington County, defendant was sentenced to 5 to 25 years on aggravated burglary; 8 to 15 years on felonious assault; and 2 to 5 years on escape with all sentences running concurrently except for the escape conviction to run consecutively. On page 5 of the journal entry from Washington County, the assistant prosecuting attorney and defense counsel advised the court that to the best of their knowledge, "the defendant is not eligible for probation." Defendant pled guilty in the Court of Common Pleas of Morgan County, Ohio, on March 11, 1985, to 1) aggravated burglary and received a sentence of 10 to 25 years; 2) kidnapping and received a sentence of 8 to 15 years; and 3) felonious assault and received a sentence of 8 to 15 years. Forshey was represented by the same trial counsel in Morgan County as in Washington County.

Defendant then retained new counsel and filed a motion for "super shock" probation pursuant to R.C. 2947.061(B) on May 31, 1989, which the court overruled on July 28, 1989.

Appellant now appeals and raises the following sole assignment of error:

THE COMMON PLEAS COURT OF MORGAN COUNTY, OHIO, ERRED WHEN IT DENIED THE MOTION OF THE DEFENDANT-APPELLANT FOR SHOCK PROBATION, PURSUANT TO OHIO REVISED CODE 2947.061, ON THE GROUNDS THAT IT LACKED JURISDICTION TO DO SO, BECAUSE THE PRE-SENTENCE AND POST-SENTENCE REPORTS EXPRESSLY INDICATED THE DEFENDANT-APPELLANT EMPLOYED A FIREARM IN THE COMMISSION OF THE OFFENSES FOR WHICH HE WAS SENTENCED, DESPITE THE REMOVAL OF THE FIREARM SPECIFICATION AS AN INDUCEMENT FOR THE ENTRY OF HIS GUILTY PLEA.

I

R.C. 2951.02 controls in the instant matter and said provision reads in pertinent part as follows:

"(F) An offender should not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section 2923.12 if the Revised Code and was committed while the offender was armed with a firearm or dangerous ordinance, as defined in section 2923.11 of the Revised Code."

In denying the subject motion the trial court expressly determined as follows:

"In the case *sub judice*, the pre-sentence investigation and the post-sentence report ordered by the Court do expressly indicated that Defendant did use a firearm in committing the offenses for which he was sentenced herein. Therefore, the Court concludes that it is without authority to exercise its discretion to grant Defendant's Motion."

(A copy of the court's journal entry/ruling/order is attached to our memorandum opinion and is made a part hereof. In violation of Local Rule 4, appellant failed to attach said entry to his brief.)

In rendering its decision herein, the court correctly relied upon *State v. Fisher* (1985), 26 Ohio App. 3d 197. Additionally, appellee has cited *State v. Butler* (1989), 42 Ohio St. 3d 174, which holds that:

"A person convicted or unlawful possession of a dangerous ordinance under R.C. 2923.17(A) is ineligible for probation pursuant to R.C. 2951.02(F) (3)."

The court acted in accordance with prevailing authority in overruling the subject motion, and appellant's sole assignment of error is overruled.

The judgment of the Court of Common Pleas of Morgan County is affirmed.

*Judgment affirmed.*

SMART, J. and
GWIN, J. Concur.