The STATE of Ohio, Appellee,

v.

PARGEON, Appellant.

[Cite as *State v. Pargeon* (1991), 64 Ohio App.3d 679.]

Court of Appeals of Ohio,
Licking County.

No. CA–3582.

Decided June 10, 1991.

---

*Kenneth W. Oswalt*, Assistant Prosecuting Attorney, for appellee.

*Charles E. Mathay*, for appellant.

---

MILLIGAN, Judge.

This is an appeal from a judgment of conviction and sentence entered upon a jury verdict of guilty of two counts of domestic violence, a violation of R.C. 2919.25.

Defendant-appellant, Randy D. Pargeon ("appellant"), assigns the following as error:

"I. The trial court erred by permitting the state to elicit expert testimony, in its case in chief, from a director of a battered woman's shelter without any psychological or psychiatric training, that the victim of domestic violence was suffering from battered woman's syndrome.

"II. The court erred by charging the jury that the Director of the Licking County Battered Woman's Shelter is an expert on battered woman's syndrome.

"III. The court erred in its finding that the offense is non-probationable due to a firearm being involved."

For the reasons stated below, we sustain appellant's first assignment of error and overrule assignments of error two and three.

## I

 As part of its case in chief, the state called as a witness Diane Roberts, Director of the Battered Woman's Shelter in Licking County. Over defense counsel's objection, the state used Roberts's testimony to prove that appellant's wife was a battered woman suffering from battered woman syndrome. Two counts of the indictment involved incidents that occurred on consecutive days after the appellant's wife left and then returned home. The state's rationale for introducing evidence that appellant's wife was a battered woman was to explain why she returned to appellant if he had really beaten her.

Appellant argues by his first assignment of error that the trial court erred in allowing this testimony as part of the state's case in chief. We agree. The probative value of such testimony is substantially outweighed by the danger of unfair prejudice, and therefore its exclusion is mandatory under Evid.R. 403(A).

Furthermore, evidence that appellant's wife is a battered woman really serves as evidence of the prior bad acts of the appellant from which the inference may be drawn that appellant has the propensity to beat his wife and that he beat her on this particular occasion. This is precisely the prohibited inference that is excluded under Evid.R. 404(B), which states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

An even more compelling reason, however, for the exclusion of such testimony is that evidence of battered woman syndrome is used to establish the "imminent danger of death or great bodily harm" element of the affirmative defense of self-defense when a woman has been charged with an offense involving the use of force against her husband. Paragraphs two and three of the syllabus in *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, provide:

"2. A *defendant* attempting to admit expert testimony regarding the battered woman syndrome must offer evidence which establishes herself as a 'battered woman.'

"3. Admission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. It is to assist the trier of fact to determine whether the defendant acted out of an honest belief that she is in imminent danger of death or great bodily harm and that the use of such force was her only means of escape." (Emphasis added.)

Furthermore, although R.C. 2901.06(B) did not become effective until November 5, 1990, after the offenses charged in the case *sub judice* took place, we find this provision of the Ohio Revised Code persuasive in reaching our conclusion that evidence of battered woman syndrome is properly admitted when a defendant raises the affirmative defense of self-defense. R.C. 2901.-06(B) states:

"If a person is charged with an offense involving the use of force against another and the person, *as a defense to the offense charged, raises the affirmative defense of self-defense, the person may introduce expert testimony of the 'battered woman syndrome' and expert testimony that the person suffered from that syndrome as evidence to establish the requisite belief of an imminent danger of death or great bodily harm that is necessary, as an element of the affirmative defense,* to justify the person's use of the force in question. The instruction of any expert testimony under

this division shall be in accordance with the Ohio Rules of Evidence." (Emphasis added.)

Accordingly, we find that the trial court erred in allowing the state in its case in chief to present evidence that the complaining witness was a battered woman.

Appellant's first assignment of error is sustained.

## II

The trial court charged the jury as follows:

"Now, in this case we also had one person that testified that I consider an expert witness, based upon her training and experience and background and if I recall her name correctly it was Diana Roberts and also Dr. Lawrence. People classified as expert witnesses like Dr. Lawrence and Mrs. Roberts are allowed to express opinions because of their specialized training in a particular field where lay-people couldn't express a medical opinion because they don't have a medical degree or training per se in that field, but experts are allowed to express opinions that lay people are not and in considering an expert's testimony, you consider the background, the training and experience, utilizing the same tests of credibility to their testimony as you do to all other witnesses and you decide then what weight to give to their testimony and their opinion and that is a provision we make under our rules of evidence because of the fact we are lay people and a lot of times we have no expertise in a particular field that we are involved in a trial and so as a result of that fact, we have to rely on them."

The decision to allow a witness to give an opinion is within the discretion of the trial court. Once that decision is made, it is up to the jury to decide whether that opinion has value. This rule applies to *any* opinion testimony, not just expert testimony regarding the battered woman syndrome.

The competency of a witness to testify as an expert (and thus give opinion testimony) is directed to the sound discretion of the trial court and is to be determined by the court as a matter of law. The question for the jury is not, "Do we find this witness is an expert witness?"; it is, rather, "Do we believe this witness' testimony to be credible?" The instruction of the trial judge that "we have to rely on them [experts]," when read in context is an explanation of why some witnesses are allowed to give opinions and others not. In the same sentence the judge clearly instructed the jury that they are to judge his "credibility" and decide what "weight" to give the opinion testimony.

See Evid.R. 104(A) and 702. See, also, *Kitchens v. McKay* (1987), 38 Ohio App.3d 165, 528 N.E.2d 603.

The second assignment of error is overruled.

## III

The trial court determined that appellant's sentence was non-probationable because a firearm was involved. By his third assignment of error, appellant argues that this was in error because neither the indictment nor the verdict forms used by the jury mentioned the use of a firearm. Appellant also contends that the trial court's finding that a firearm was used in the acts of domestic violence is not supported by the record.

Having carefully reviewed the record in this case, we find that there is sufficient evidence from which the trial court could conclude that the appellant had a firearm in his possession so that he had immediate access to the weapon when the acts of domestic violence occurred. See *State v. Butler* (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98, 99 (to constitute possession, it is sufficient that the defendant has constructive possession, meaning immediate access to the weapon).

Accordingly, the trial court properly determined that probation was not appropriate under R.C. 2951.02(F)(3) because the offense was committed with a firearm. See *State v. Fisher* (1985), 26 Ohio App.3d 197, 26 OBR 418, 499 N.E.2d 344.

Appellant's third assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County is reversed, and this cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, J. concurs.

PUTMAN, P.J. concurs separately.

PUTMAN, Presiding Judge, concurring in part.

I would sustain the first assignment of error for the reasons stated by the majority.

The battered woman syndrome is not appropriate in an affirmative action against the man charged with assault.

I would also sustain the second assignment of error.

When the trial court specifically instructs the jury that a witness is an expert, or states that "I [the trial judge] consider [this witness] to be an

expert witness," the judge may reasonably be understood to have placed his "stamp of approval" on the witness's testimony. Reasonable jurors could conclude that the trial judge has expressed an opinion on the credibility of the witness and the value of the witness's testimony.

The fact that the judge has permitted the opinions to be given does not mean that he vouches to the jury for any part of the credibility of the witness, including the claim of the witness to expertise. Expertise is an inextricably interwoven element of credibility and the judge should not appear to be endorsing the witness, backhandedly or otherwise.

Reasonable jurors can conclude, depending upon the evidence, that the so-called expert is really a "hot air merchant."

The judge, in handling his "law call" on permitting the opinions to be given, should take care not to appear to be expressing an opinion as to credibility.

The language here was not tightly crafted and should have been clarified upon the timely objection that was made.

The opening phrase, " * * * that I consider an expert witness * * *," coupled with the concluding, "we have to rely on them," was both incorrect and prejudicial. We do not *have to* rely upon them. Jurors are free to elect to rely upon them, should they choose to do so, depending upon how they evaluate all the evidence and that includes the witness's claim to expertise.

The trial judge's act of "passing the witness on voir dire," so to speak, does not bind the jury. Nothing in Evid.R. 104(A) or 702 states anything to the contrary.