**The STATE of Ohio, Appellant,**

v.

**ELLIS, Appellee.**

[Cite as *State v. Ellis* (1992), 78 Ohio App.3d 221.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–319.

Decided Feb. 6, 1992.

*Michael Miller*, Prosecuting Attorney, and *Alan C. Travis*, for appellant.
*Ronald Janes* and *David J. Graeff*, for appellee.

PETREE, Judge.

Pursuant to R.C. 2945.67(A) and App.R. 5(A), plaintiff-appellant has moved for leave to appeal from a judgment of the Franklin County Court of Common Pleas which suspended execution of defendant's sentence and placed him on super shock probation under R.C. 2947.061. In addition to filing a timely notice of appeal, the state, in support of its motion, filed a brief and portions of the record, which includes: (1) a certified copy of the February 26, 1991 journal entry of the common pleas court granting defendant probation; (2) a transcript of proceedings for defendant's February 20, 1991 probation hearing; (3) a certified copy of the February 22, 1990 journal entry of the common pleas court sentencing defendant; (4) a certified copy of defendant's signed guilty plea form; (5) a transcript of proceedings for the February 20, 1990 hearing on defendant's guilty plea; (6) a copy of the indictment; and (7) two affidavits from the assistant prosecuting attorneys involved in the prosecution of this case.

In its motion, plaintiff has presented the following assignment of error for our consideration:

"The trial court was without lawful authority to place the defendant on probation where the defendant was ineligible for probation because he committed the offense of aggravated robbery while armed with a firearm."

Plaintiff maintains that the trial court did not have authority to place defendant on super shock probation because the offenses defendant pleaded guilty to were non-probationable under R.C. 2951.02(F)(3). Further, plaintiff contends that this court can review defendant's eligibility for probation even though he has been released from incarceration. The pertinent facts in the record presented are as follows.

On December 18, 1988, defendant, Rodney T. Ellis, was indicted in the Franklin County Court of Common Pleas on the following offenses. Count 1 of the indictment charged defendant Rodney T. Ellis, along with two other individuals, Larry Rogers and Bernard White, for aggravated robbery under R.C. 2911.01 with respect to a theft that occurred on December 9, 1988. This count also included a firearm specification under R.C. 2941.141, which stated that defendant, Rogers, and White had a "firearm," as defined by R.C. 2923.11, on or about their persons or under their control while committing the aggravated robbery. Count 2 of the indictment charged defendant, Rogers, and White for robbery under R.C. 2911.02 for the same December 9, 1988 theft. However, there was no firearm specification included in this count. Count 3 of the indictment solely charged Bernard White with carrying a concealed weapon under R.C. 2923.12.

On February 20, 1990, defendant entered a guilty plea to Count 1 of the indictment with the firearm specification "deleted." The guilty plea form which he signed specifically noted in handwriting that the offense was non-probationable.

At the February 20, 1990 hearing on defendant's guilty plea, the trial court explained to defendant the nature of the guilty plea and the rights he was waiving. The court then commented as follows:

"THE COURT: There seems to be some argument between the state and the defense counsel as to whether this is a probationable-type offense. Very frankly, at this point in time, my inclination is that it is a probationable-type of offense without the gun specification. The prosecution says otherwise. That remains to be seen. Do you understand that?

"THE DEFENDANT: Yes, sir."

At this hearing, the same assistant prosecuting attorney apprised the court of the underlying facts. He explained that on December 9, 1988, defendant and Rogers approached the manager of a Rental King Store on South Hamilton Road at closing time. Rogers produced a handgun and both he and defendant demanded that the manager turn over the night's receipts. The manager indicated that he did not have the night's receipts with him, but he offered his wallet instead. He then turned over his wallet which contained cash, credit cards, and identification. Defendant left with Rogers shortly thereafter. Police apprehended them in an automobile rummaging through a brown wallet. Defendant and Rogers were identified as the robbers by the manager. The gun was found underneath co-defendant White in the car. White eventually pleaded guilty to carrying a concealed weapon charge and was given probation.

On February 22, 1990, the court journalized an entry sentencing defendant. In the entry, the court noted that defendant had entered a plea of guilty to the aggravated robbery charge without the specification. The court sentenced defendant to serve not less than five nor more than twenty-five years in prison. It is undisputed that defendant served part of his prison sentence.

One year later, on February 20, 1991, a hearing was held on defendant's motion for super shock probation. Counsel for both parties were present. The court heard arguments from defense counsel about whether defendant had committed a non-probationable offense. Defense counsel argued that the language on defendant's guilty plea form indicating that the offense was non-probationable was added by the prosecution after the plea had been signed. Defense counsel also pointed out that co-defendant White was allowed to plead guilty to carrying a concealed weapon and to receive probation. In this regard the court stated:

"THE COURT: All right. Inasmuch as, you know, the prosecutor's office has seen fit to disregard this nonprobationable-type of requirement in one of the defendant's cases, and now insists that it be applied, what I am going to do, I am going to grant defendant's shock probation.

"Now, if what you want to do, if you want to appeal that, counsel, you just go right ahead and do it and we will go from there."

On February 26, 1991, the trial court journalized its decision. The court ordered that further execution of defendant's sentence be suspended and that he be placed on intensive-supervision probation for a period of five years.

As R.C. 2947.061(B) provides, subject to R.C. 2951.02 to 2951.09, the trial court may place a defendant on super shock probation. R.C. 2951.02(F) provides:

"An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies: " * * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

In *State v. Knox* (June 11, 1991), Franklin App. No. 89AP–1168, unreported, 1991 WL 115820, this court applied R.C. 2951.02(F)(3) and held that a jointly indicted accomplice who did not physically carry a firearm during an offense was nonetheless ineligible for original probation where his accomplice had committed the underlying offense with a firearm. In that case, defendant

Knox was jointly indicted with co-defendant Garner on several counts. In the first count, he was indicted for involuntary manslaughter under R.C. 2903.04 with a firearm specification. The remaining two counts involved aggravated robbery under R.C. 2911.01, each including a firearm specification. After a jury trial commenced, but before a verdict was returned, defendant Knox pleaded guilty to the involuntary manslaughter count. As part of the guilty plea, the firearm specification in the first count was "deleted," and the prosecution entered a *nolle prosequi* as to the remaining two counts of aggravated robbery. Since the victim died of a gunshot wound, the prosecutor apprised the trial court during the defendant's sentencing hearing that a non-probationable offense was involved, but the trial court nevertheless suspended the defendant's sentence and placed him on three years of probation.

On appeal, because this court did not have a full transcript of the trial to determine whether the defendant physically had the firearm in his hands, this court assumed that at no time during commission of the involuntary manslaughter offense did the defendant have a firearm in his physical possession. In any event, this court recognized that constructive possession of a firearm is sufficient to satisfy the "armed" element of R.C. 2951.02(F)(3), thus rendering the underlying offense non-probationable.

Distinguishing the penalty enhancement features of actual incarceration for possession of a firearm under R.C. 2929.71 from the eligibility for probation under R.C. 2951.02, this court in *Knox, supra,* wrote:

" * * * The deletion of an R.C. 2941.141 firearm specification from an indictment pursuant to a negotiated plea, or the state's failure to include it in the original indictment, or the petit jury's failure to affirmatively find on the specification, merely precludes the imposition of the mandatory actual term of imprisonment.

"However, when a firearm is possessed during the commission of a criminal offense, the offender then being 'armed,' the absence of the R.C. 2941.141 specification does not render [the offender] eligible for R.C. 2951.02 probation. The offense remains conclusively non-probationable by virtue of the plain language of R.C. 2951.02(F)(3). * * * " *Id.*

Further reasoning that a plea of guilty is a complete admission of the defendant's guilt under Crim.R. 11(B)(1) and an admission of every material fact pleaded in the indictment, we held that co-principal Knox stood in the shoes of co-principal Garner, who actually utilized the gun during the offense. Consequently, we held that Knox was likewise armed during the offense and was, therefore, ineligible for probation. We remanded the case to the trial court for purposes of resentencing.

While the instant case involves super shock probation and not original probation and while there are some factual dissimilarities with the *Knox* case, we think that plaintiff has demonstrated a sufficient probability of error under App.R. 5(A) to warrant consideration by this court.

Defendant maintains, however, that consideration of this appeal is precluded by principles of double jeopardy. Defendant contends that once a trial court grants a motion for probation and the defendant is released from incarceration, the sentence is complete for statutory purposes and double jeopardy attaches. We find that there is authority to the contrary. It has been held that an appeal to correct an unlawful sentence does not implicate either the multiple punishment or multiple trial guarantees of the Double Jeopardy Clause. *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328; *Bozza v. United States* (1947), 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. See, also, *State ex rel. Cleveland v. Calandra* (1986), 62 Ohio St.2d 121, 122, 16 O.O.3d 143, 144, 403 N.E.2d 989, 990, fn.

In *State v. Fisher* (1988), 35 Ohio St.3d 22, 517 N.E.2d 911, the Supreme Court held in paragraph one of the syllabus that the state may appeal from an order granting shock probation only by leave of court. Further, the court wrote in paragraph two of the syllabus that the decision to grant or deny the motion for leave to appeal is solely within the discretion of the court of appeals. In the present case, we think that plaintiff has demonstrated sufficient probability of error to warrant consideration of the appeal by this court and it has not been established that consideration of the appeal will violate defendant's double jeopardy rights.

Consequently, plaintiff's motion for leave to appeal is sustained.

*Motion for leave to appeal sustained.*

Bowman, P.J., and Peggy Bryant, J., concur.