The STATE of Ohio, Appellee,

v.

NOWLIN, Appellant.

[Cite as *State v. Nowlin* (1996), 115 Ohio App.3d 778.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 96CA896.

Decided Nov. 25, 1996.

*Rocky A. Coss*, Highland County Prosecuting Attorney, for appellee.

*David H. McKenna*, for appellant.

KLINE, Judge.

Lloyd Nowlin appeals the sentencing he received for his conviction of voluntary manslaughter. On appeal, Nowlin contends that the Highland County Court of Common Pleas erred in finding that he was not eligible for probation pursuant to R.C. 2951.02(F)(3). Nowlin argues that R.C. 2951.02(F)(3), which applies to offenses committed while the offender is armed with a firearm, is inapplicable because the firearm specification against him was dismissed as part of a plea agreement and the indictment made no other mention of a firearm. We disagree. Accordingly, we affirm the judgment of the trial court.

I

Nowlin shot and killed Leland T. Baker, his thirty-seven-year-old stepson, on November 18, 1994 at Nowlin's residence. Nowlin called the sheriff's department shortly after the incident and turned over the shotgun he used to shoot his stepson. Nowlin claimed that Baker, who had recently returned home after being released from a Veterans Administration hospital, was hooked on drugs and threatened Nowlin's wife. Nowlin is seventy-two years old.

The grand jury indicted Nowlin for murder with a firearm specification. The firearm specification was the only mention of a firearm or gun in the indictment. Nowlin's first trial resulted in a mistrial after a defense witness made highly prejudicial statements to the jury. Nowlin entered into a plea agreement before the second trial commenced. Nowlin agreed to plead guilty to voluntary manslaughter with no firearm specification. Nowlin later sought to withdraw his guilty plea, but then recanted and argued that the offense to which he was pleading guilty was probationable. Probation must be denied to offenders who commit offenses while armed with a firearm or dangerous ordnance. R.C. 2951.02(F)(3). Nowlin contended that he could not be denied probation when there was no gun specification or mention of a firearm or dangerous ordnance in the charge to which he agreed to plead guilty.

The trial court advised Nowlin that the charge to which he was pleading guilty was nonprobationable because the trial court was aware that Nowlin committed the offense while armed with a firearm. Nowlin elected to enter a guilty plea. The trial court then found Nowlin guilty of voluntary manslaughter and sentenced him to an indeterminate term of not less than five years nor more than twenty-five years. The trial court noted that "[h]ad I my wishes, I would have granted you probation. I do not have that privilege." The trial court suspended the sentence pending appeal.

Nowlin appeals and asserts one assignment of error for our review:

"The trial court erred in ruling that appellant was not eligible for probation under the particular circumstances in which he was convicted of voluntary manslaughter with no gun specification."

## II

In his sole assignment of error, Nowlin contests the trial court's determination that he was ineligible for probation. Nowlin's offense was nonprobationable only if it was determined that he committed voluntary manslaughter while armed with a firearm or dangerous ordnance. R.C. 2951.02(F)(3). Nowlin contends that he should not have been sentenced as if he was armed with a firearm in the commission of an offense when the charge he pled guilty to made no mention of a firearm. In essence, Nowlin argues that the fact that he was armed with a firearm in the commission of the offense must be proved beyond a reasonable doubt and is an essential element of the state's case. Nowlin therefore concludes that he cannot be sentenced based on a fact that has not been proven.

Nowlin was denied probation based on R.C. 2951.02(F)(3), which provides:

"An offender shall not be placed on probation and shall not otherwise have the offender's sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following apply:

" * * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

R.C. 2951.02(F)(3) is similar to an R.C. 2941.141 gun specification. A gun specification must be charged in the indictment and state that the offender had a firearm on or about his person or under his control while committing the offense. However, R.C. 2951.02(F)(3) applies to a broader range of conduct than R.C. 2941.141: offenses committed while armed with dangerous ordnance as well as a

firearm. Moreover, R.C. 2951.02(F)(3) does not state that it must be included in the indictment.

The Ohio Supreme Court has held that the trial court may determine that the offender committed an offense while armed with a firearm for purposes of R.C. 2951.02(F)(3) even when a jury had acquitted the defendant of a gun specification. *State v. Koss* (1990), 49 Ohio St.3d 213, 219–220, 551 N.E.2d 970, 975–977. In *Koss*, the court reasoned that "[a]lthough the jury acquitted appellant of the gun specification, the evidence established that the victim died of a gunshot wound to the head." *Id.* at 220, 551 N.E.2d at 976. Therefore, the court allowed sentencing based on a fact which the jury found was not proven beyond a reasonable doubt. Furthermore, the *Koss* court cited *State v. Fisher* (1985), 26 Ohio App.3d 197, 198, 26 OBR 418, 418–419, 499 N.E.2d 344, 345–346, for the proposition that facts discovered in a presentence investigation may be used by the trial court to determine that an offense is nonprobationable.

It thus appears that probation may be denied to a defendant based on facts neither pled nor proved at trial. However, the foregoing holding of *Koss* was not part of the syllabus and is therefore not binding on this court. S.Ct.R.Rep.Op 1(B); *State v. Boggs* (1993), 89 Ohio App.3d 206, 213, 624 N.E.2d 204, 209–210. Moreover, other statements of the Ohio Supreme Court suggest that the deletion of a firearm specification makes an offense probationable. See, *e.g., State v. Johnson* (1988), 40 Ohio St.3d 130, 134, 532 N.E.2d 1295, 1298–1299. Additionally, this court of appeals has previously held that probation may not be denied to a defendant based solely on facts neither pled nor proved at trial. *State v. Stone* (June 5, 1987), Ross App. No. 1285, unreported, 1987 WL 12453. See, also, *State v. Floyd* (Oct. 13, 1993), Scioto App. No. 92CA2102, unreported, 1993 WL 415287. An opinion of the Attorney General also takes the position that R.C. 2951.02(F)(3) is inapplicable to a criminal offender where the only reference in the indictment to a firearm is contained in a specification and such specification is dismissed prior to conviction. 1985 Atty.Gen.Ops. No. 85–026.

█ Nonetheless, we believe that the holding in *Koss* is the wiser rule. Furthermore, as this court has previously noted, "any court which disregards the Supreme Court's discussion of certain issues merely on the basis that it was not carried into the syllabus would be treading on dangerous and unstable ground." *State v. Boggs, supra.* The plain language of R.C. 2951.02(F)(3) does not require that "an offender committed an offense while armed with a firearm or dangerous ordnance" be charged in the indictment. R.C. 2951.02(F)(3) factors are probation considerations only. Therefore, the state is not required to prove that "an offender committed an offense while armed with a firearm or dangerous ordnance" beyond a reasonable doubt in its case. Rather, any time it comes to the attention of the trial court that an offender committed an offense while armed

with a firearm or dangerous ordnance pursuant to R.C. 2951.02(F)(3), the offense is nonprobationable.[1] See *State v. Koss, supra; State v. Ervin* (1994), 93 Ohio App.3d 178, 180, 638 N.E.2d 104, 105–106; *State v. Ellis* (1992), 78 Ohio App.3d 221, 225, 604 N.E.2d 229, 231–232; *State v. Fisher, supra; State v. Knox* (June 11, 1991), Franklin App. No. 89AP–1168, unreported, 1991 WL 115820.

■ If the state wishes to enhance an offender's sentence pursuant to a gun specification, the specification must appear in the indictment and be proven beyond a reasonable doubt. R.C. 2941.141; R.C. 2929.71. However, a gun specification and whether the offender was armed with a gun in the commission of an offense are distinct considerations with differing standards of proof. If a gun specification is proven beyond a reasonable doubt, then it follows that an offense has been committed while the offender was armed with a firearm. However, the converse is not necessarily true: as in *Koss,* the determination that a gun specification was not proven beyond a reasonable doubt does not preclude the trial court from determining that the offender committed an offense while armed with a gun.

Here, Baker died of a gunshot wound and Nowlin pled guilty to purposely causing the death of Baker; therefore, the trial court correctly determined that Nowlin's conviction for voluntary manslaughter was nonprobationable. Nowlin's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, J., concurs.

STEPHENSON, J., concurs in judgment only.

---

1. We note that Crim.R. 11(C)(2)(a) requires that the trial court must inform a defendant if he or she is ineligible for probation before the trial court accepts a plea of guilty or no contest. Therefore, if a defendant pled guilty or no contest to an offense which was assumed to be probationable, but the presentence investigation revealed that the defendant was armed with a firearm or dangerous ordnance in the commission of the offense and was thus ineligible for probation pursuant to R.C. 2951.02(F)(3), then the trial court would have to allow the defendant to withdraw his or her plea of guilty or no contest. See Crim.R. 11(C)(2)(a).