JOURNAL ENTRY AND OPINION
This is an appeal by James S. Cummings III, from a jury verdict following trial before Judge Nancy R. McDonnell, that found him guilty of an assault on a peace officer. He claims it was prosecutorial misconduct to elicit police testimony questioning the credibility of his girlfriend, Michelle Williams, and his conviction must be reversed. The State does not argue that the testimony was admissible, but only that Cummings suffered no prejudice because the evidence against him was so overwhelming that he would have been convicted anyway. We affirm.
On October 26, 2000, Cleveland police officers Randy Daley and Kristin Riley responded to a domestic violence call in the 1400 block of West 112th Street and intervened in a dispute between then twenty-four-year-old Cummings and twenty-five-year-old Williams. Because he struggled with the officers while being arrested and handcuffed, he was charged with assault on a peace officer[1] as well as the separate charge of domestic violence.[2]
At trial Michelle Williams testified that she saw Cummings resist the officers' attempts to restrain and handcuff him, but did not see him intentionally swing at Officer Daley. Without objection she read her October 26, 2000 statement, taken by Detective John Riedthaler, into the record and, also without objection, the written statement was made an exhibit. Her trial testimony essentially corroborated her statement, as she again recounted the details of Cummings' assault on her, but denied seeing him assault the police officers.
Officer Daley testified that Cummings' hand was bleeding when the officers arrived, apparently from his assault on Williams, and that Cummings lunged and swung at him as he tried to place him under arrest. Officer Riley stated that she saw Cummings swing at her partner, she sprayed mace in his eyes and the two officers then subdued and cuffed him. Both officers testified that Cummings continued to struggle with them after he was sprayed, kicking at them and unsuccessfully attempting to throw punches until he was handcuffed. After the incident the officers rinsed Cummings' eyes with water and cleaned themselves, because they had been contaminated with Cummings' blood during the struggle. Officer Daley had blood on his face and head and, as a precaution, underwent testing for communicable diseases. Officer Riley also testified that Cummings apologized to them while he was being transported to the police station, and that he particularly apologized to Officer Daley several times[.]
The prosecutor questioned both Officer Riley and Detective Riedthaler about their training and experience in recognizing battered woman syndrome, whether domestic violence victims who exhibit the syndrome will engage in a cyclic pattern of abuse, and if such victims will lie in order to protect the abuser. Neither witness, however, expressed an opinion about whether Williams exhibited the syndrome, although this was the clear implication of the testimony.
Cummings objected to Riley's testimony on the subject, was overruled, and did not object to Riedthaler's subsequent testimony.
Williams was called as a defense witness and stated that she had an unobstructed view of the incident between Cummings and the police, and that she did not see Cummings intentionally swing at Daley. In her written statement, however, Williams had claimed that she could not see if Cummings tried to punch Daley because Daley was standing between them.
Cummings testified on his own behalf and admitted that he was intoxicated, that he assaulted Williams, and that he resisted the officers' efforts to restrain him, although he denied swinging at Officer Daley. He also admitted he apologized for his conduct, but only because he had resisted arrest, not because he assaulted Daley.
In closing argument, without objection, the prosecutor opined that [p]erhaps Williams had battered woman syndrome, and argued that Williams' credibility was suspect because her testimony was completely different from that in her written statement.
The jury found Cummings guilty and he was sentenced to two years of community control.
Cummings' first assignment of error states:
 I. The Comments of The Prosecution Attorney Concerning The Credibility of a Victim Suffering From Alleged Battered Women's Syndrome Deprived Appellant of a Fair Trial.
As noted, the State has not argued that it properly elicited, or that the judge properly admitted, the officers' testimony concerning battered woman syndrome. Such an argument would be unavailing even if made, because no circumstance suggests any argument for allowing testimony on this subject. Not only have courts refused to allow battered woman syndrome to be used for any purpose other than that stated in R.C.2901.06,[3] the testimony here was irrelevant and prejudicial because it essentially invited the jury to speculate that Williams suffered from the syndrome despite the fact that no witness ever testified that she did. Furthermore, the State presented no evidence showing that Williams suffered from battered woman syndrome, because to do so would require evidence of a cycle, i.e., that she had been abused and returned at least once before.[4] Even if such evidence existed, it would be inadmissible under Evid.R. 403 or 404.[5] For these and other reasons, evidence of battered woman syndrome has been limited to self-defense claims.[6]
We also find that Cummings' objection to the prosecutor's first introduction of battered woman syndrome evidence was sufficient to preserve his objection to later testimony on the same subject, as well as to the prosecutor's discussion of the issue in closing argument. A defendant need not repeat an objection if it would serve no further purpose or if the judge's earlier ruling is conclusive.[7] In this case the judge overruled Cummings' first objection, and thus objection to introduction of similar testimony would have been futile, as would objection to the prosecutor's comments in closing argument, which expressly sought the speculation impliedly allowed by admission of the improper testimony.
Although the judge erroneously admitted evidence and argument concerning battered woman syndrome, Cummings argues that offering such evidence in the first instance was prosecutorial misconduct. If misconduct is shown, the standard for finding harmless error is heightened because the issue is not only erroneous introduction of evidence, but the constitutional issue of whether Cummings received a fair trial.[8] While non-constitutional error can be found harmless if substantial other evidence supports the conviction,[9] a showing of prosecutorial misconduct requires the State to show that the error was harmless beyond a reasonable doubt.[10] It is important, however, that we determine whether misconduct has occurred before engaging in harmless error analysis, in order to avoid condoning improper comments.[11]
We find that the prosecutor's references to battered woman syndrome, both during examination of witnesses and in closing argument, were improper for the same reasons that such evidence and argument were inadmissible. The prosecutor had no legal authority or other reason to believe that the evidence would be admissible for the purpose offered, and the testimony was irrelevant, prejudicial, and encouraged the jury to speculate on issues that the State could not prove. We also find, however, that the evidence and argument was harmless beyond a reasonable doubt.
Two police officers testified that Cummings, who admittedly was intoxicated, swung his fist at Officer Daley and continued to struggle and kick at both officers even after being sprayed with mace. Blood from Cummings' injured hand was seen on Daley's head and face, consistent with the officers' testimony that he swung his fist at Officer Daley's head. Williams' written statement indicated that she did not see whether Cummings tried to strike Daley because the officer was standing between them and obstructed her view. Moreover, she admitted, both in her statement and in her testimony, that Cummings resisted efforts to restrain him. Cummings himself admitted that he was intoxicated, that he resisted arrest, and that he subsequently apologized for his behavior to the officers, particularly to Officer Daley who was the target of the brunt of his attack, although he denied intentionally striking at the officers.
This evidence renders the prosecutorial misconduct harmless beyond a reasonable doubt. We again note, however, that this finding should not be viewed as condoning the prosecutor's behavior or the judge's erroneous admission of references to battered woman syndrome. Once again, we find the error harmless only because the evidence in this case is so starkly against Cummings.[12] Had the evidence shown any basis for contention, however, we would be forced to find that Cummings had been denied a fair trial, because misconduct should be strictly monitored to avoid tainted convictions.[13] The first assignment of error is overruled.
The second and third assignments state:
 II. The Trial Court Erred by Overruling Appellant's Motion for Judgment of Acquittal Pursuant to Criminal Rule 29.
 III. Appellant's Conviction For Assault on a Peace Officer Was Against The Manifest Weight of The Evidence.
Our disposition of the first assignment of error necessarily resolves the issues in both the second and third assignments of error. In finding the error in the first assignment harmless beyond a reasonable doubt, we necessarily determined that the remaining evidence was both legally sufficient and of adequate weight.[14] The second and third assignments are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
[1] R.C. 2903.13(C)(3).
[2] Cummings pleaded guilty to a domestic violence offense in a separate action prior to trial on the assault charge.
[3] State v. Dowd (Jan. 19, 1994), Lorain App. No. 93CA005638.
[4] State v. Koss (1990), 49 Ohio St.3d 213, 216-217, 551 N.E.2d 970, citation omitted.
[5] State v. Pargeon (1991), 64 Ohio App.3d 679, 680-681,582 N.E.2d 665.
[6] Id.; Koss, at paragraph three of the syllabus.
[7] State v. McCleod, Jefferson App. No. 00 JE 8, 2001-Ohio-3480, at ¶ 48-49.
[8] State v. DeMarco (1987), 31 Ohio St.3d 191, 31 OBR 390,509 N.E.2d 1256, paragraph two of the syllabus.
[9] State v. Webb, 70 Ohio St.3d 325, 335, 1994-Ohio-425,638 N.E.2d 1023.
[10] State v. Johnson, 71 Ohio St.3d 332, 339, 1994-Ohio-304,643 N.E.2d 1098; State v. Smith (1984), 14 Ohio St.3d 13, 15, 14 OBR 317, 470 N.E.2d 883.
[11] State v. Fears (1999), 86 Ohio St.3d 329, 336, 1999-Ohio-111,715 N.E.2d 136.
[12] State v. Wells, Cuyahoga App. No. 79893, 2002-Ohio-1413, at ¶ 18.
[13] State v. Smith, supra.
[14] State v. Thompkins, 78 Ohio St.3d 380, 386-387, 1997-Ohio-52,678 N.E.2d 541.