{¶ 148} I concur with the majority's conclusion finding merit in Haines' third assignment of error regarding allied offenses of similar import. However, for the following reasons, I dissent from the majority's analysis concerning the battered woman syndrome evidence.
 {¶ 149} The Supreme Court of Ohio has recognized that expert testimony on battered woman syndrome is admissible in certain circumstances, holding:
 {¶ 150} "2. A defendant attempting to admit expert testimony regarding the battered woman syndrome must offer evidence which establishes herself as a `battered woman.'
 {¶ 151} "3. Admission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. It is to assist the trier of fact to determine whether the defendant acted out of an honest belief that she is in imminent danger of death or great bodily harm and that the use of such force was her only means of escape."[5]
 {¶ 152} R.C. 2901.06 is entitled "[b]attered woman syndrome testimony as evidence relevant to claim of self-defense" and provides:
 {¶ 153} "(A) The general assembly hereby declares that it recognizes both of the following, in relation to `battered woman syndrome:'
 {¶ 154} "(1) That the syndrome currently is a matter of commonly accepted scientific knowledge;
 {¶ 155} "(2) That the subject matter and details of the syndrome are not within the general understanding or experience of a person who is a member of the general populace and are not within the field of common knowledge.
 {¶ 156} "(B) If a person is charged with an offense involving the use of force against another and the person, as a defense to the offense charged, raises the affirmative defense of self-defense, the person may introduce expert testimony of the `battered woman syndrome' and expert testimony that the person suffered from that syndrome as evidence to establish the requisite belief of an imminent danger of death or great bodily harm that is necessary, as an element of the affirmative defense, to justify the person's use of the force in question. The introduction of any expert testimony under this division shall be in accordance with the Ohio Rules of Evidence."
 {¶ 157} This statute permits evidence of battered woman syndrome to be used by a defendant as support for a self-defense claim. However, it is inadmissible to show that the complaining witnesses suffered from the syndrome in a trial against the person she accuses of the crime.[6] InState v. Pargeon, the Fifth Appellate District reviewed the Supreme Court of Ohio's holding in State v. Koss, as well as the language of R.C.2901.06, and held that evidence about battered woman syndrome was only intended to be admissible by a defendant as part of a self-defense claim. This court has followed the holding in State v. Pargeon.[7] InState v. Lundgren, this court held "[t]he General Assembly has indicated that at this point, testimony concerning the [battered woman] syndrome isonly admissible when self-defense has been raised."[8]
 {¶ 158} The majority opinion overturns the holding in State v.Lundgren. I disagree with this decision. For the reasons that follow, I advocate following this court's holding in State v. Lundgren and the Fifth District's holding in State v. Pargeon, which is factually identical to the case sub judice.
 {¶ 159} In State v. Pargeon, the Fifth District held that "[t]he probative value of [battered woman syndrome] testimony is substantially outweighed by the danger of unfair prejudice, and therefore its exclusion is mandatory under Evid.R. 403(A)."[9] I agree.
 {¶ 160} The majority asserts that testimony regarding battered woman syndrome is admissible in trials where the state is attempting to show why a victim returned to her attacker. I disagree. Appellate courts of this state have addressed that very contention. "Testimony about the battered woman syndrome is not admissible in other instances, such as toshow why a victim returned to the defendant who assaulted her or why a victim recanted her testimony."[10] This is consistent with this court's holding in State v. Lundgren, that such testimony is only admissible in self-defense cases.[11]
 {¶ 161} In this case, I agree with the majority that the issue of why Bohley returned to Haines was relevant. On cross-examination, the defense questioned her about why she returned to Haines. Expert testimony regarding battered woman syndrome was relevant to provide reasoning for why Bohley returned to Haines. However, relevance is only one of the statutory hurdles that must be overcome to permit the admission of evidence. As stated in Evid.R. 403(A), which mandates the exclusion of this type of evidence:
 {¶ 162} "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." (Emphasis added.)
 {¶ 163} Thus, while the battered woman syndrome evidence was relevant, its probative value was substantially outweighed by the danger of unfair prejudice.[12]
 {¶ 164} In addition to Evid.R. 403(A) concerns, the Fifth District observed that using battered woman syndrome evidence against a defendant raises Evid.R. 403(B) concerns.[13] I agree. Evid.R. 403(B) excludes "[e]vidence of other crimes, wrongs, or acts * * * to prove the character of a person or show that he acted in conformity therewith." Battered woman syndrome evidence may not refer to specific instances of wrongdoing. However, battered woman syndrome evidence, by its very definition, suggests the alleged abuser committed numerous other "crimes, wrongs, or acts."
 {¶ 165} The majority, referring to State v. Koss, a self-defense case, states "[t]hat is precisely the situation presently before us,except it is the abuser who is the defendant, not the victim." (Emphasis added.) The majority downplays this very important distinction between these cases. Evid.R. 403 concerns are not applicable to situations such as those in State v. Koss, where the defendant uses battered woman syndrome as part of a self-defense strategy. In those instances, the battered woman syndrome is offered by, not against, the defendant. Moreover, when used as part of a self-defense argument, battered woman syndrome evidence does not prejudice the defendant, as it references bad acts committed by someone else. However, the following reasons demonstrate the extreme prejudice that is exposed when battered woman's syndrome evidence is used against a defendant.
 {¶ 166} In today's society, the term "battered woman syndrome" has extremely negative and prejudicial connotations for the alleged "batterer." As such, a defendant cannot have a fair trial once the state presents expert testimony that the alleged victim suffers from battered woman syndrome and the defendant is the culpable party. The jury has heard a medical professional label the defendant a "woman batterer" and opine that the defendant has battered the victim in the case they are asked to decide. It is incomprehensible to imagine that a jury could set that information aside and objectively consider whether the defendant committed the charged crimes. This is especially true when the crimes allege physical violence against the victim.
 {¶ 167} In support of its decision to overturn State v. Lundgren, the majority notes that battered woman syndrome evidence is admissible in support of a not guilty by reason of insanity defense.[14] This statute, like R.C. 2901.06, permits the defendant to offer battered woman syndrome evidence as part of a defense to show that she suffered from the syndrome. It does not, in any way, permit the evidence to be used by the state against the defendant to show that the defendant was the abuser.
 {¶ 168} The battered woman syndrome evidence was inadmissible pursuant to Evid.R. 403.[15] Accordingly, the trial court erred by admitting the evidence regarding the battered woman syndrome.
 {¶ 169} The majority holds "to the extent that prior bad acts of [Haines] can be inferred, such evidence was merely cumulative." (Emphasis in original.) Essentially, the majority concludes that if trial court erred by admitting the battered woman syndrome evidence, such error was harmless. This argument was raised by the state. The state cites Statev. Cummings for the proposition that error in the admission of evidence regarding battered woman syndrome may be deemed harmless beyond a reasonable doubt when there is overwhelming independent evidence of the defendant's guilt.[16] The case sub judice is readily distinguishable from the Eighth Appellate District's holding in State v. Cummings. InCummings, a police officer and a detective were questioned regarding their experience with battered woman syndrome.[17] Neither witness expressed an opinion as to whether the victim showed signs of the syndrome.[18]
In the present case, the state presented Dr. Eisenberg, an expert witness, who testified that Bohley's situation "paralleled" a battered woman syndrome situation. Accordingly, the testimony was much more prejudicial than the testimony in State v. Cummings.
 {¶ 170} Further, in State v. Cummings, the defendant had entered a guilty plea to a domestic violence charge and was on trial for assault on a police officer.[19] Evidence relating to battered woman syndrome is not as prejudicial when it is introduced in a trial for a crime that is not committed against the battered woman. In the case at bar, the expert testimony regarding battered woman syndrome was severely prejudicial, in that the alleged crimes were committed against the purportedly battered woman.
 {¶ 171} Finally, the Cummings Court held that there was overwhelming evidence of the defendant's guilt because (1) both police officers testified that the defendant swung at one of the officers and kicked at both officers, (2) one of the officers had blood from the defendant's hand on his face, (3) the defendant's girlfriend stated he was resisting arrest, and (4) the defendant admitted being intoxicated and resisting arrest.[20] In the case sub judice, there was physical evidence of Bohley's injuries to corroborate her testimony relating to the domestic violence charges. However, other than her testimony, there was no other direct evidence presented relating to the more serious kidnapping and abductions charges. While her testimony was detailed and described graphic instances, I cannot say it was overwhelming. If the state's position were adopted, evidence of battered woman syndrome would be admissible against the defendant in every case, so long as the victim testifies. I disagree.
 {¶ 172} Today's majority opinion unnecessarily and incorrectly overturns prior case law from this court.[21] In addition, it is in direct conflict with case law from the Fifth and Ninth Appellate Districts.[22]
 {¶ 173} Due to the admission of the battered woman's syndrome evidence, Haines was denied a fair trial. As such, his convictions should be reversed, and this matter should be remanded for a new trial.
[5] State v. Koss (1990), 49 Ohio St.3d 213, paragraphs one and two of the syllabus.
[6] State v. Pargeon (1991), 64 Ohio App.3d 679, 680-681.
[7] State v. Lundgren (Apr. 22, 1994), 11th Dist. No. 90-L-15-125, 1994 Ohio App. LEXIS 1722, at *50, citing State v. Pargeon, supra.
[8] (Emphasis added.) Id. at *51.
[9] State v. Pargeon, 64 Ohio App.3d at 680.
[10] State v. Sonko (May 22, 1996), 9th Dist. No. 95CA006181, 1996 Ohio App. LEXIS 2010, at *9, citing State v. Pargeon, 64 Ohio App.3d 679; andState v. Dowd (Jan. 19, 1994), 9th Dist. No. 93CA005638, 1994 Ohio App. LEXIS 132.
[11] State v. Lundgren, supra.
[12] See State v. Pargeon, 64 Ohio App.3d at 680.
[13] Id. at 681.
[14] R.C. 2945.392.
[15] See State v. Pargeon; State v. Lundgren; and State v. Sanko,
supra.
[16] State v. Cummings, 8th Dist. No. 79709, 2002-Ohio-4178.
[17] Id. at ¶ 5.
[18] Id.
[19] Id. ¶ 2.
[20] Id. at ¶ 17.
[21] State v. Lundgren, supra.
[22] See State v. Sonko; State v. Pargeon; and State v. Dowd, supra.