Lanzinger, J.,
dissenting.
{¶ 66} I dissent from the majority’s holding allowing the state’s use of battered woman syndrome in its case-in-chief as an unwarranted extension of State v. Koss (1990), 49 Ohio St.3d 213, 551 N.E.2d 970. In Koss, which authorized the presentation of the battered-woman’s syndrome by a defendant to establish self-defense, this court noted: “A defendant attempting to admit expert testimony regarding the battered woman syndrome must offer evidence which establishes herself as a ‘battered woman.’ ” (Emphasis added.) Id., paragraph two of the syllabus. Furthermore, “[a]dmission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. It is to assist the trier of fact to determine whether the defendant acted out of an honest belief *407 that she is in imminent danger of death or great bodily harm and that the use of such force was her only means of escape.” (Emphasis added.) Id., paragraph three of the syllabus.
{¶ 67} The General Assembly codified similar limitations on the admission of the battered-woman syndrome when it enacted R.C. 2901.06(B), which states: “If a person is charged with an offense involving the use of force against another and the person, as a defense to the offense charged, raises the affirmative defense of self-defense, the person may introduce expert testimony of the ‘battered woman syndrome’ and expert testimony that the person suffered from that syndrome as evidence to establish the requisite belief of an imminent danger of death or great bodily harm that is necessary, as an element of the affirmative defense, to justify the person’s use of the force in question. The introduction of any expert testimony under this division shall be in accordance with the Ohio Rules of Evidence.” (Emphasis added.)
{¶ 68} It is mystifying that the majority cannot see the limiting language within Koss and the statute. Other appellate courts have held that expert testimony regarding the battered-woman syndrome can be admitted by a defendant only when the affirmative defense of self-defense has been raised. See State v. Pargeon (1991), 64 Ohio App.3d 679, 582 N.E.2d 665; State v. Sonko (May 22, 1996), 9th Dist. No. 95CA006181, 1996 WL 267749; State v. Dowd (Jan. 19, 1994), 9th Dist. No. 93CA005638, 1994 WL 18645; State v. Lundgren (Apr. 22, 1994), 11th Dist. No. 90-L-15-125, 1994 WL 171657.
{¶ 69} This is not a situation of admitting rebuttal evidence under Evid.R. 404(A)(2). In the hands of the state during its case-in-chief, an expert witness who presents the battered-woman syndrome as evidence does more than bolster the credibility of the victim. The witness establishes prior bad acts of the defendant from which the jury may infer that he had the propensity to engage in those acts and acted in accord with that propensity on the current charge. This is precisely the inference Evid.R. 404(B) excludes: “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” Furthermore, expert witnesses may have particular power over the minds of jurors. Perhaps recognizing this, the Koss court limited the use of testimony concerning the battered-woman syndrome to cases where defendants employ it in establishing self-defense.
{¶ 70} The majority opinion acknowledges the prejudice to the defendant that occurs through this new evidentiary expansion. “An expert witness who diagnoses a victim as a battered woman essentially concludes that the defendant is a batterer. In a case where the underlying charges involve domestic violence, such a conclusion by an expert witness is prejudicial to the defendant and usurps the jury’s role as finder-of-fact.” ¶ 55. Yet in spite of this understanding, because it *408 can “aid the trier-of-fact in determining the victim’s state of mind, e.g., to explain why she returned to the defendant despite his aggressions toward her,” expert testimony on battered-woman syndrome is allowed. ¶ 65. Even if an expert is confined to providing only a general overview of the syndrome, as we see in this case, the bounds are easy to overstep. Dr. Eisenberg did more. He gave an opinion, to a reasonable degree of forensic certainty, that the facts of the case were “very consistent with what we see in a Battered Woman’s Syndrome scenario.”
Charles Coulson, Lake County Prosecuting Attorney, and Karen A. Sheppert, Assistant Prosecuting Attorney, for appellee.
Ian N. Friedman & Associates, L.L.C., Ian N. Friedman, John A. Powers, Ronald L. Frey, and Erik S. Dunbar, for appellant.
Jason A. Macke, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.
{¶ 71} The majority’s expansion of Koss and R.C. 2901.06(B) is justified by citations to other jurisdictions and secondary sources. A more liberal admission of expert testimony of this nature may be a worthy goal, but until the General Assembly determines it to be good policy for Ohio, I believe we should follow precedent as it stands and the statute as it is written. I would hold that the state may not introduce evidence of battered-woman syndrome to demonstrate the victim’s state of mind, i.e., to explain why she returned to the defendant despite his aggressions toward her, when her credibility is challenged upon cross-examination.
{¶ 72} To do otherwise is to transform a shield for the defense into a sword for the prosecution. I would answer no to the certified question.